## WALLACE DAGGS v. STATE.

No. A-2165. Opinion Filed October 12, 1918.

(175 Pac. 374.)

MAYHEM—Sufficiency of Evidence. In a prosecution for maiming, the evidence examined, and held sufficient to sustain the verdict, and that no reversible error was committed on the trial.

*Appeal from District Court, Pontotoc County;*
*Thos. D. McKeown, Judge.*

Wallace Daggs was convicted of mayhem, and he appeals. Affirmed.

*Crawford & Bolen,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Wallace Daggs, Walter Winters, Arch Keahey, and Roy Buster, were, by information filed in the district court of Pontotoc county, jointly charged with maiming, in that they did unlawfully, willfully, and feloniously make an assault upon and did castrate one Thomas Hurst. The defendants demanded a severance, and upon his separate trial the plaintiff in error, Daggs, was convicted and his punishment fixed at imprisonment for one year and one day in the penitentiary. From the judgment rendered on the verdict, he appeals.

The motion for new trial was based on the grounds that the verdict of guilty is not sustained by sufficient evidence, and is contrary to law, and alleged misconduct of the county attorney in asking prejudicial questions, and in making prejudicial remarks in his argument to the jury.

The evidence on the part of the state shows or tends to show that Hurst, the complaining witness, left the

home of Drain Norton, in Ada, about 1 o'clock p. m. on December 22d, the date alleged in the information. About 5 o'clock that evening he returned and told Norton that he cut himself going through a barb wire fence. Norton had a neighbor call a doctor, and when he examined the complaining witness he found that his left testicle had been cut out, and he called another doctor to assist in dressing the wound. The complaining witness testified: That he was crossing the defendant Daggs' pasture near Ada that afternoon and met the four defendants there together. That they assaulted him, and he was knocked insensible by a stroke on the back of the head, and when he came to he found that one of his testicles had been cut out. It was lying on the ground near him. That he crawled to some water close by and revived himself enough to travel, and then returned to the home of Drain Norton. That he told Norton that the cut was from a barb wire fence at that time because he expected to revenge himself. That one Dick Bond visited him and talked to him several times and advised him to leave. That in February he went with Bond to the office of the defendant's attorney and there received $200 and signed some papers by making his mark. That he understood that he had to leave the country when he took the money. That evening Bond went with him to the railroad depot, and Wallace Daggs was there and talked to him. That he was afraid that the defendant would do him harm and took the train and went to Texas, where he was arrested and brought back.

Three or four witnesses testified that they saw the defendants together about 4 o'clock that afternoon in defendant Daggs' pasture near Ada, and they seemed to be wiping their hands, and that they were apparently drinking, and one of the defendants was waving a bottle.

For the defense the defendant introduced the following instrument:

"ADA, OKLA., 2-14-1913.

"Wallace Daggs and the other parties accused of cutting me should not be prosecuted or punished, there is nothing to it.

his
"TOM X HURST.
mark

"Witness to mark: THOMAS E. DAVENPORT.

"Subscribed and sworn to before me this Feb. 14th, 1913.

"[Seal.]          L. A. BRALY, *Notary Public.*

"My Com. ex. on the 7th day of Sept., 1916."

Two of the defendants testified that they were with the defendant Daggs at his place that afternoon; that they did not see the complaining witness. Charley Daggs, a jail guard and a cousin of the defendant, and J. E. Winn, serving a term for selling whisky, testified that while the complaining witness was in jail he said his trouble was caused by a woman.

Several character witnesses testified to the previous good character of the defendant as being a peaceable and law-abiding citizen. The defendant did not testify.

Counsel for the defendant contend that the verdict is not sustained by sufficient evidence, because the complaining witness made contradictory statements and no motive is shown.

Upon a careful consideration of the record, we are of opinion that the verdict was entirely justified by the facts proved, and any other verdict than the one returned would have been against the weight of the evidence. The jury had the witnesses before them and could see their manner

of testifying, and they, no doubt, in determining the truth took into consideration all the attending circumstances of the case. The record fails to sustain the alleged misconduct of the county attorney.

The motion for new trial on the ground of newly discovered evidence was properly overruled.

This disposes of all the alleged errors presented in the record. Upon the whole case we find that the defendant has had a fair and impartial trial, and has been legally convicted. The judgment of the district court of Pontotoc county is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.